Isaac M. BANKS, Petitioner,

v.

DIRECTOR OF MOTOR VEHICLES of the DISTRICT OF COLUMBIA, Respondent.

No. 2429.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 31, 1959.

Decided Dec. 3, 1959.

James H. Myrick, Washington, D. C., for petitioner.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before ROVER, Chief Judge, and HOOD, Associated Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

Petitioner seeks our review of an order of the Director of Motor Vehicles revoking his operator's permit. His principal contention is that he was not afforded his full administrative remedies.

On April 6 of this year petitioner was given an official *suspension* notice because he had accumulated eleven points under the Point System. On April 14, he made written application for a hearing on this notice. However, on April 4, he had accumulated three additional points, causing the Director on April 14 to issue a notice that his

permit was to be *revoked*.[1]  A hearing on the *suspension* order was set for April 30. When petitioner appeared, accompanied by his attorney, the *revocation* notice was served on him, and the following transpired:

"Mr. Birdsong [Hearing Officer]: Mr. Banks [petitioner], on April 14, 1959, a notice was issued *revoking* your District of Columbia motor vehicle operator's permit and operating privileges because under the Point System you had accumulated fourteen (14) points.

\*     \*     \*     \*     \*     \*

"Why do you feel that your permit should not be *revoked* at this time?" (Emphasis supplied.)

Petitioner then testified at some length attempting to excuse or explain his violations of the traffic regulations; his attorney then spoke in his behalf setting forth reasons why he should be dealt with leniently, concluding his argument with a suggestion that the matter be adjusted by permitting his client to go to Traffic School. The Hearing Officer then stated:

"Mr. Myrick [petitioner's attorney] and Mr. Banks, I am going to sustain this notice of *revocation,* which of course means his District of Columbia permit and privileges of driving will be *revoked.*  He has five days in which to surrender his permit for this revocation.  He has the right of appeal, as you know, which is explained in the order of *revocation* which will be issued."  (Emphasis supplied.)

Petitioner, through his attorney, requested a review of this decision by the Director; that official after due consideration approved the action of the Hearing Officer.

Petitioner's contention that he was not afforded the administrative remedies to which he was entitled may be summarized as follows: Part V, Traffic and Motor Vehicle Regulations, provides that a person who has received a notice of suspension or revocation, and who desires a hearing on such notice, must within five days request such a hearing in writing, setting forth reasons why the suspension or revocation should not be imposed.  The petitioner within five days after receiving the suspension notice requested a hearing and it was set for April 30; it was not until he appeared at this hearing that he was served with the *revocation* notice.  Thus he contends a revocation was had without affording petitioner an opportunity to request a hearing and set forth in writing his reasons why the revocation notice should not be sustained.

We think the answer to this contention is that after the Hearing Officer had asked petitioner several preliminary questions as to his age, address, family status and his employment, he was clearly notified, as appears from the excerpts above quoted, that the hearing was on the *revocation* and not the *suspension;* his attorney was present and made no objection to proceeding with the hearing which he must have known involved a *revocation* and not a *suspension.*  As a matter of fact, the statements at the hearing, both by petitioner and counsel, were just as appropriate on the question of *revocation* as on *suspension.*  We believe it to be a fair statement that an examination of the record indicates that both petitioner and his counsel stated to the Hearing Officer everything that could possibly be said to persuade that official to treat petitioner leniently, whether the hearing involved a *suspension* or a *revocation.*  It should be further noted that while petitioner, at the hearing, attempted to excuse his violations, he at no time denied his guilt.

Petitioner also contends that the Hearing Officer abused his discretion because the penalty imposed was for the purpose of punishment only.  We have carefully examined this phase of the matter and find no merit in this contention.

Affirmed.

---

1.  See Part V, Traffic and Motor Vehicle Regulations.